**Alanda Suzanne FEWINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00189–CR.**

Court of Appeals of Texas,
Waco.

Sept. 7, 2005.

Andrew W. Lucas, Glen Rose, for Appellant.

B.J. Shepherd, Bosque County Dist. Atty., Meridian, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Alanda Suzanne Fewins's counsel filed an *Anders*[1] brief in this appeal on January 5, 2005. On April 20, this Court issued an order striking the brief as deficient and ordering counsel to file a proper brief. On May 24, the Clerk of this Court notified counsel that the appellant's brief was overdue and instructed counsel to file a brief or extension request within ten days. To date, no brief or extension request has been filed. Therefore, we abate this cause to the trial court with instructions to hold a hearing to determine: (1) why a proper brief has not been filed on Fewins's behalf; (2) whether her attorney has abandoned the appeal; (3) whether Fewins still desires to proceed with the appeal; and (4) whether Fewins desires to represent herself. *See* Tex.R.App. P. 38.8(b)(3).

■ If the court determines that counsel is unable or unwilling to comply with this Court's directives, the court should consider appointing other counsel to represent Fewins. *See* Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2004–2005). In a similar manner, if the court determines that counsel has abandoned the appeal, the court must appoint other counsel.[2]

■ If Fewins no longer wishes to pursue an appeal, she must sign and file a written withdrawal of her notice of appeal. *See* Tex.R.App. P. 42.2; *McClain v. State*, 17 S.W.3d 310, 311 (Tex.App.Waco 2000, no pet.).

If Fewins expresses a desire to proceed *pro se*, the trial court shall admonish her on the record "of the dangers and disadvantages of self-representation." Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005). If the court determines that she has voluntarily and intelligently waived her right to counsel, the court shall require her to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

Because the trial court must admonish Fewins on the record regarding her right to self-representation and because the court must ascertain whether Fewins still desires to prosecute her appeal and determine whether any waiver of counsel is voluntarily and intelligently made, Fewins must be afforded an opportunity to personally participate in the abatement hearing. This does not necessarily mean, however, that she must personally appear at the hearing.

Frequently in civil litigation involving prison inmates, trial courts permit the inmates to participate in hearings via teleconference. *See In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex.2003). We are aware of no reason why a similar procedure could not be employed here. *Cf. Webb v. State*, 533 S.W.2d 780, 784 (Tex.Crim.App.1976) (*pro se* criminal appellant has no right to appear before appellate court and present argument). Any paperwork (*e.g.*, waiver of appeal or waiver of counsel) could be completed through the mail. These of course are matters we leave to the discretion of the trial court.

■ As stated hereinabove, we are instructing the trial court to determine in

---

1. *Anders v. Cal.*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. Fewins's counsel filed a combined "Motion to Withdraw and *Anders* Brief in Support."

However, this Court does not have the authority to grant appointed counsel's motion to withdraw. *Sowels v. State*, 45 S.W.3d 690, 692 (Tex.App.-Waco 2001, no pet.).

part whether Fewins desires to represent herself. However, some courts have recently concluded that a criminal appellant has no right to self-representation. We do not agree with these courts because article 1.051 of the Code of Criminal Procedure plainly provides for a right of self-representation.

In *Faretta v. California*, the Supreme Court of the United States held that a criminal defendant has a Sixth Amendment right to represent himself. 422 U.S. 806, 832, 95 S.Ct. 2525, 2539–40, 45 L.Ed.2d 562 (1975). To exercise this right, the record must reflect that the defendant has been "made aware of the dangers and disadvantages of self-representation" so that he can "voluntarily and intelligently" waive his right to counsel. *See id.* at 835, 95 S.Ct. at 2541.

The Court of Criminal Appeals extended the Sixth Amendment right of self-representation recognized in *Faretta* to appeals. *See Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex.Crim.App.1992); *Webb*, 533 S.W.2d at 783. However, the Court has also clarified that article I, section 10 of the Texas Constitution [3] does not confer the right of self-representation afforded by the Sixth Amendment under *Faretta*. *See Landers v. State*, 550 S.W.2d 272, 277 (Tex.Crim. App.1977); *Glenn v. State*, No. 03–03–00212–CR, 2003 Tex.App. LEXIS 7082 at **2–3 & n.3 (Tex.App.-Austin Aug. 6, 2003, order) (not designated for publication); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.-Houston [14th Dist.] 2000, order); *Cain v. State*, 976 S.W.2d 228, 235 (Tex. App.-San Antonio 1998, no pet.).

The Legislature adopted article 1.051 in 1987. *See* Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 1, 1987 Tex. Gen. Laws 3321, 3321–22 (amended 2001) (current version at TEX.CODE CRIM. PROC. ANN. art. 1.051 (Vernon 2005)). Article 1.051(d) provides in pertinent part:

> (d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate ... matters:
>
> > (1) an appeal to a court of appeals; [and]
> >
> > (2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted[.]

TEX.CODE CRIM. PROC. ANN. art. 1.051(d)(1), (2).

Subsection (f) then provides that a defendant may waive the right to counsel. *Id.* art. 1.051(f). Finally, subsection (g) requires a trial court to advise a defendant who wishes to waive his right to counsel "of the dangers and disadvantages of self-representation," and determine whether "the waiver is voluntarily and intelligently made." *Id.* art. 1.051(g).

In *Burgess v. State*, the Court of Criminal Appeals observed, "[W]e must presume that in enacting Article 1.051(g), *supra*, the Legislature intended to accommodate the Sixth Amendment right to self-representation." 816 S.W.2d 424, 431 n. 3 (Tex.Crim. App.1991). The Court later observed:

> the evident purport of article 1.051(c) insofar as it directs the trial judge to appoint counsel 'if an indigent defendant is entitled to and requests appointed counsel' is twofold. It first means that an accused is not entitled to have counsel provided at government expense unless he can prove that he is indigent. It also means that counsel will not be ap-

---

**3.** Article I, § 10 provides in pertinent part, "In all criminal prosecutions the accused shall have ... the right of being heard by himself or counsel, or both...." TEX. CONST. art. I, § 10.

pointed to represent him in any case unless he wishes it.

*Oliver v. State,* 872 S.W.2d 713, 715 (Tex. Crim.App.1994) (citing *Faretta* and *Burgess* ) (other citations omitted).

In *Martinez v. Court of Appeal of California* however, the Supreme Court of the United States held that the Sixth Amendment right of self-representation recognized in *Faretta* does not extend to a "direct appeal from a criminal conviction." 528 U.S. 152, 163, 120 S.Ct. 684, 692, 145 L.Ed.2d 597 (2000). Nevertheless, the Court hastened to add that its holding does not prevent states from recognizing a right to self-representation on appeal.[4] *Id.* This is precisely what the Texas Legislature had already done when it enacted article 1.051. *See Oliver,* 872 S.W.2d at 715; *Burgess,* 816 S.W.2d at 431 n. 3.

The plain language of this statute cannot now be ignored merely because the decisions which served as its genesis have since been disavowed insofar as they found a constitutional right to self-representation on appeal.

Nevertheless, two intermediate appellate courts in Texas have explicitly concluded that a criminal appellant has no statutory right to self-representation. *See e.g. Crawford v. State,* 136 S.W.3d 417, 418 (Tex.App.-Corpus Christi 2004, order) ("The Texas Code of Criminal Procedure does not include a right to appellate self-representation."); *Cormier v. State,* 85 S.W.3d 496, 498 (Tex.App.-Houston [1st Dist.] 2002, order) (same). However, neither court referred to article 1.051 and its history, nor did either cite any other authority to support this bold yet unsubstantiated assertion.

This Court and others have stated that a criminal appellant has no "constitutional

right" to self-representation, without discussing article 1.051. *See e.g. Sickles v. State,* No. 10–04–00258–CR, slip op. at 1 (Tex.App-Waco June 15, 2005, order) (not designated for publication) ("Sickles does not have a constitutional right to represent himself on appeal."); *Glenn,* 2003 Tex.App. LEXIS 7082 at *3 ("We conclude there is no state constitutional right of self-representation on appeal."); *Hadnot,* 14 S.W.3d at 350 ("criminal appellants are not entitled, either by the state or federal constitution, to self-representation on direct appeal"); *but cf. Martinez v. State,* 163 S.W.3d 88, 90 & n. 1 (Tex.App.-Amarillo 2004, order) (issue of whether a criminal appellant has a state constitutional right of self-representation remains unclear in light of *Webb* ). Of course this conclusion is unremarkable, as it is wholly consistent with the Supreme Court's decision in *Martinez* and the Court of Criminal Appeals' decision in *Landers.*

Article 1.051(d) provides that an indigent criminal appellant has the right to appointed counsel. Subsection (f) of that same statute provides that an indigent criminal appellant may waive that right (and thus represent himself). Any other interpretation of these statutory provisions would strain them beyond their intended meaning.

Therefore, when this Court abates an appeal because counsel has not timely filed a brief on the appellant's behalf, we shall continue our current practice of giving the appellant the option of deciding whether he wishes to represent himself, which is a right he possesses under article 1.051(f).

The trial court shall, within thirty days after the date of this Order: (1) conduct the hearing; (2) cause a court reporter to make a record of the hearing; (3) make

---

4. Although the Court spoke of a right to self-representation under a state's constitution, there is no reason a state cannot fashion that right by statute.

appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court shall inform Fewins's counsel, or Fewins herself if *pro se*, that her brief is due within thirty days after the date of the hearing.

The trial court clerk shall: (1) prepare a supplemental clerks record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerks record with the Clerk of this Court within forty-five days after the date of this Order.

The court reporter shall prepare and file a supplemental reporter's record containing a transcription of the hearing within forty-five days after the date of this Order.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

Everything after the first paragraph in the foregoing order is dicta.

### *OBITUARY*

The concept in the common law known as stare decisis, by which it is recognized that a court should follow its prior rulings, unless deciding a case under the narrow circumstances when a court decides to overrule its precedent, died in this district today after a lengthy illness. On June 15, 2005, this Court issued a unanimous order contrary to the extensive discussion regarding pro se representation in its order in this case. *Sickles v. State*, No. 10–04–00258–CR (Tex.App.-Waco June 15, 2005, order)(not designated for publication) (attached Appendix A). This prior holding was called to the Court's attention, but it was ignored. Further, in *Sickles, id.*, the issue controlled the disposition of the order and, thus, was based on the merits of the issue. In the majority's order, we have no reason to believe that Fewins wants to represent herself and we should not engage in this extensive discussion when it is irrelevant to the disposition.

If the extensive discussion had any relevance to the order of abatement, I would have to dissent. But because an abatement to conduct a hearing to determine why no brief has been filed is what needs to happen, I concur.

### APPENDIX A

This Appendix is from *Sickles v. State*, No. 10–04–00258–CR (Tex.App.-Waco June 15, 2005, order)(not designated for publication)

### ORDER

Sickles's counsel has filed in this Court a motion to withdraw as counsel. Counsel attached 1) a letter from Sickles requesting his withdrawal and 2) a copy of a motion for self representation signed by Sickles. Sickles also filed a motion to represent himself on appeal. Both motions are denied.

Sickles does not have a constitutional right to represent himself on appeal. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163–64, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). At least two courts of appeals have determined that there is no right for an appellant in a criminal case to represent himself on appeal. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex.App.-Houston [1st Dist.] 2002, order); *see also Crawford v. State*, 136 S.W.3d 417, 418 (Tex.App.-Corpus Christi 2004, order). In determining whether to grant Sickles's request for self-representation, we consider whether the interests of Sickles, the State, and the administration of justice would be best served by Sickles's self-representation. *Id.*

Counsel represented in correspondence that he has done a considerable amount of work on this appeal, but does not want to jeopardize Sickles's right to represent himself on appeal. We have reviewed the legal materials filed by Sickles and determine that it is in the best interest of Sickles, the State, and the administration of justice if Sickles continues this appeal represented by counsel.

Accordingly, we deny counsel's request to withdraw and Sickles's motion to represent himself. This appeal will proceed with Sickles being represented by counsel. Sickles's brief is due 25 days from the date of this order.

\* "(Justice VANCE concurs with a note. This order does not fully explain how it discounts Court of Criminal Appeals authority, cited by counsel, saying that a defendant has the right to represent himself on appeal. *See Webb v. State,* 533 S.W.2d 780, 784–85 (Tex.Crim.App.1976) ("We hold here that the right of an accused to reject the services of counsel and instead represent himself extends beyond trial into the appellate process.... Regardless of the point in the appellate process at which an appellant chooses to assert his right of self-representation, he will be required to comply with all relevant rules of appellate procedure set forth in our Code of Criminal Procedure."); *Hubbard v. State,* 739 S.W.2d 341, 345 (Tex. Crim.App.1987) ("[W]e now hold that appellant timely asserted his right of self-representation.... We now remand the appeal to the Court of Appeals and instruct them to direct the trial court to hold a hearing during which the trial court must make the appellant aware of the dangers and disadvantages of self-representation and the trial court must develop evidence as to whether appellant's apparent decision to relinquish benefits associat-

ed with counsel and to proceed pro se is knowingly and intelligently made."). *Cormier* notes that these two cases were decided by the Court of Criminal Appeals before the *Martinez* case, decided by the U.S. Supreme Court in 2000, said that the states are clearly within their discretion to conclude that the government's interests in the fair and efficient administration of justice outweigh the invasion of the appellant's interest in self-representation. But *Martinez* has been cited by the Court of Criminal Appeals in a footnote. *Scheanette v. State,* 144 S.W.3d 503, 510 n. 2 (Tex.Crim.App.2004) ("neither does [Appellant] have a constitutional right to represent himself on direct appeal."). *Crawford* says: "Therefore, we review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice." Applying those factors, I concur in the order.)"