IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00258-CR

 

John David Sickles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 128th District Court

Orange County, Texas

Trial Court No. A-030589-R

 



ORDER



 








          The order of this Court dated June 15,
2005 denying (1) Appellant’s counsel’s motion to withdraw, (2) Appellant’s
motion to file a pro se brief, and (3) Appellant’s motion for access to
the appellate record is withdrawn.  The following order is substituted
therefor.

          Appellant advised his appointed
counsel that he desires to represent himself and asked counsel to withdraw.  In
our June 15 order, this Court observed that Appellant has no constitutional
right to self-representation on appeal and cited two appellate courts which
“have determined that there is no right for an appellant in a criminal case to
represent himself on appeal.”  Sickles v. State, No. 10-04-00258-CR,
slip op. at 1 (Tex. App.—Waco June 15, 2005, order) (not designated for
publication) (citing Crawford
v. State, 136
S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); Cormier v. State,
85 S.W.3d 496, 498 (Tex. App.­—Houston [1st Dist.] 2002, order).  On further consideration however, we have
come to the conclusion that a criminal appellant does have a statutory right of
self-representation on appeal.[1]  See
Fewins v. State, 2005 Tex. App. LEXIS 7423 at *10 (Tex. App.—Waco Sept. 7, 2005, order) (per curiam).

A decision to waive the right to appointed
counsel must be made “voluntarily and intelligently” and “in writing.”  Tex. Code Crim. Proc. Ann. art.
1.051(f) (Vernon 2005).  To satisfy this requirement, the trial court shall admonish Sickles on the
record “of the dangers and disadvantages of self-representation.”[2] 
 Id. art. 1.051(g) (Vernon 2005).  If the court determines that he has
voluntarily and intelligently waived his right to counsel, the court shall
require him to execute a written waiver of counsel which substantially complies
with article 1.051(g).  Id.

          This Court does not have the authority
to permit appointed counsel to withdraw.  See Fewins, 2005 Tex. App. LEXIS 7423 at *2 n.2 (citing Sowels
v. State, 45 S.W.3d 690, 692 (Tex. App.—Waco 2001, no pet.)).  Accordingly,
counsel’s motion to withdraw is denied.

We cannot determine whether to grant Sickles’s
motion to represent himself until it has been determined by the trial court
that his decision to waive appointed counsel has been made voluntarily and
intelligently.  Therefore, we abate this appeal to the trial court for a
hearing to make this determination.

The trial court shall, within thirty days after
the date of this Order: (1) conduct the hearing; (2) cause a court reporter to
make a record of the hearing; (3) make appropriate orders and findings of fact
and conclusions of law; and (4) deliver any orders and findings of fact and
conclusions of law to the trial court clerk.

If the trial court determines that Sickles has
voluntarily and intelligently waived his right to appointed counsel, the court shall
inform Sickles that his brief is due within thirty days after the date of the
hearing.  The trial court shall also advise the trial court clerk to make the
appellate record available to Sickles for preparation of his brief within ten
days after the date of the hearing.  See Gonzalez v. State, 984 S.W.2d 790,
791 (Tex. App.—Waco 1999, order) (per curiam).

The trial court clerk shall: (1) prepare a
supplemental clerk=s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk=s record with the Clerk of this Court within
forty-five days after the date of this Order.

The court reporter shall prepare and file a
supplemental reporter’s record containing a transcription of the hearing within
forty-five days after the date of this Order.

PER
CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Appeal abated

Order issued and filed September
14, 2005

Publish









[1]
          In conformance with this Court’s
June 15 order, Sickles’s counsel recently filed a brief on Sickles’s behalf. 
This does not, however, operate to deprive Sickles of his right to
self-representation.

 





[2]
              This does not necessarily
mean, however, that Sickles must personally appear at the abatement hearing.  See
Fewins v. State, 2005 Tex. App.
LEXIS 7423 at **3-4 (Tex. App.—Waco Sept. 7, 2005, order) (per curiam).








font-family:"CG Times";text-transform:uppercase;
letter-spacing:2.0pt'>



 








          The
Clerk of this Court notified the parties that the appellant=s
brief was overdue in this cause and that the appeal would be dismissed if an
appropriate response was not filed within ten days.  The Court has received no response.  Accordingly, the appeal is dismissed for want
of prosecution.  See Tex. R. App. P. 38.8(a)(1), 42.3.

PER CURIAM

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed








Opinion
delivered and filed November 3, 2004

[CV06]