IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00258-CR

 

John David Sickles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 128th District Court

Orange County, Texas

Trial Court No. A-030589-R

 



MEMORANDUM  Opinion



 








          A jury convicted John David Sickles of
murder and assessed his punishment at ninety-nine years’ imprisonment and a
$10,000 fine.  Sickles contends in two points that: (1) he received ineffective
assistance of counsel because trial counsel failed to seek a hearing on a
defense motion for the appointment of an expert witness and failed to obtain a
ruling on that motion; and (2) this Court has denied him the right to
self-representation on appeal under the Texas Constitution.  We will affirm.

 

 

Ineffective Assistance of Counsel

          Sickles contends in his first point
that he received ineffective assistance of counsel because trial counsel failed
to seek a hearing on a defense motion for appointment of an expert witness and
failed to obtain a ruling on that motion.

          To prevail on an ineffective
assistance claim, the familiar Strickland v. Washington test must be
met.  Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L.
Ed. 2d 471 (2003) (citing Strickland, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)); Andrews v. State, 159 S.W.3d 98, 101-02
(Tex. Crim. App. 2005) (same).  Under Strickland, an ineffective
assistance claim will be sustained if it is determined that: (1) counsel’s
performance was deficient, and (2) the defense was prejudiced by counsel’s
deficient performance.  Wiggins, 539 U.S. at 521, 123 S. Ct. at 2535; Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Andrews, 159 S.W.3d at 101.

          Generally, the record on direct appeal
will not be adequate for analysis of an ineffective assistance complaint, particularly
when, as here, the issue was not addressed in a hearing on a motion for new
trial.  See Andrews, 159 S.W.3d at 102.  In this situation, an appellate
court will usually reject the complaint in a summary fashion.  See, e.g.,
Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004).

          In a case involving an ineffective
assistance claim premised on counsel’s failure to obtain a medical expert for
the defense, the Court of Criminal Appeals held that the appellant had failed
to establish that counsel’s performance was deficient because the trial record
did not indicate “why appellant’s trial counsel took or failed to take the
actions” of which the appellant complained.  See Rylander v. State, 101
S.W.3d 107, 110-11 (Tex. Crim. App. 2003); accord Pieringer v. State,
139 S.W.3d 713, 719-20 (Tex. App.—Fort Worth 2004, no pet.) (record did not
support ineffective assistance claim based in part on failure to seek
appointment of expert witness where no indication in record of why appointment not
requested); see also Mincey v. State, 112 S.W.3d 748, 752-53 (Tex. App.—Beaumont 2003, no pet.) (record did not support ineffective assistance claim
where court granted motion for independent testing of DNA specimen but results
of that testing not in record and no indication of record of why results not
offered at trial).

          Some courts have rejected a complaint
like Sickles’s because the defendant failed to offer evidence that a particular
expert would have testified for the defense and the expert’s testimony would
have been favorable.  See Cate v. State, 124 S.W.3d 922, 927 (Tex. App.—Amarillo 2004, pet. ref’d); Teixeira v. State, 89 S.W.3d 190, 193-94 (Tex.
App.—Texarkana 2002, pet. ref’d); see also Ex parte McFarland, 163
S.W.3d 743, 758 (Tex. Crim. App. 2005) (defendant cannot show prejudice from
counsel’s failure to call witnesses absent evidence that witnesses were
available to testify at trial and their testimony would have been favorable).

          Here, Sickles did not raise the issue
of ineffective assistance of counsel in his motion for new trial.  Thus, his
trial counsel was not afforded an opportunity to explain why she failed to seek
a hearing on the motion for appointment of an expert witness or failed to
obtain a ruling on that motion.  There is nothing in the record to indicate
that a particular expert witness was available to testify at Sickles’s trial
and would have offered favorable testimony.  Accordingly, we overrule Sickles’s
first point.

 

 

Constitutional Right to Self-Representation on
Appeal

          Sickles contends in his second point
that this Court has denied him the right to self-representation under the Texas
Constitution.  However, the Court of Criminal Appeals, this Court, and other
intermediate courts of appeals have all concluded that the Texas Constitution
does not confer a right of self-representation.  See Landers v. State,
550 S.W.2d 272, 277 (Tex. Crim. App. 1977); Fewins v. State, 170 S.W.3d 293,
295 (Tex. App.—Waco 2005, order) (per curiam); Hadnot v. State, 14
S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order); Cain v. State,
976 S.W.2d 228, 235 (Tex. App.—San Antonio 1998, no pet.).  Accordingly, we
overrule Sickles’s second point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result without a separate opinion)

Affirmed

Opinion delivered and
filed April 5, 2006

Do not publish

[CRPM]