IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00027-CR

 

Douglas Dwane Shirley,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 271st District Court

Jack County, Texas

Trial Court No. 3,802

 



ABATEMENT ORDER



 

Douglas
Shirley appeals from a judgment and sentence dated December 3, 2004.  He timely
filed a notice of appeal, and his brief was originally due on or before
November 21, 2005.  On September 9, 2005, Shirley’s retained counsel, Jimmy L.
Browning, filed a motion to dismiss the appeal.  On October 12, 2005, the Court
denied the motion to dismiss because it had not been personally signed by
Appellant.  See Tex. R. App.
P. 42.2(a) (“An appellant must personally sign the written
withdrawal.”).  

In a letter
dated January 6, 2006, the Clerk of this Court notified Mr. Browning that
Appellant’s Brief was overdue and that unless a brief or a satisfactory
response (such as a motion to dismiss or a withdrawal of notice of appeal,
personally signed by Appellant) was received within 10 days, this Court
must abate the appeal and order the trial court to immediately conduct a
hearing.  See Tex. R. App. P. 38.8(b)(2), (3).  Thereafter,
the Clerk of this Court had numerous telephone conversations with Lydia A.
Knust, Mr. Browning’s paralegal, about the status of this appeal, yet Mr.
Browning has, to date, failed to comply with this Court’s January 6, 2006
letter.

To ensure that Shirley is
receiving effective assistance, we abate this cause
to the trial court with instructions to hold a hearing to determine: (1) why a
proper brief or a motion
to dismiss or a withdrawal of notice of appeal, personally signed by Appellant, has not been filed on Appellant’s
behalf; (2) whether Appellant’s attorney has
abandoned the appeal; (3) whether Appellant still desires to proceed with the
appeal; and (4) whether Appellant desires to represent himself.  See Tex. R. App. P. 38.8(b)(3); Fewins
v. State, 170 S.W.3d 293 (Tex. App.—Waco 2005, order)(Fewins
contains an extended discussion of these issues).

The trial court shall conduct the
hearing within thirty days after the date of this order.  The trial court clerk
and court reporter shall file supplemental records within forty-five days after
the date of this order.  See Fewins, 170 S.W.3d at 296-97.

          
                                                                         

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

Appeal
abated

Order issued
and filed July 19, 2006

Do not publish