IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00162-CR

 

Richard Bernard Stepp,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 06-03822-CRF-272

 



ABATEMENT ORDER



 








            Pursuant to a plea bargain, Richard
Bernard Stepp pleaded guilty to the manufacture or delivery of less than one
gram of cocaine in a drug-free zone.  The court sentenced Stepp to eighteen
years’ imprisonment in accordance with the plea agreement.  Stepp filed a pro
se notice of appeal.

            The certification of the defendant’s
right to appeal states that this is a plea-bargain case and Stepp has no right
of appeal.  See Tex. R. App. P. 25.2(d). 
Accordingly, the Clerk of this Court notified Stepp by letter that his appeal appears subject to
dismissal because of the recitations in the certification regarding his right
of appeal and that the appeal may be dismissed if a response showing grounds
for continuing the appeal was not filed within twenty-one days.

            In response, Stepp
contends that his appeal is authorized because he seeks review of matters
raised by a written motion filed and ruled upon before trial.  See Tex. R. App. P. 25.2(a)(2)(A).  However,
Stepp refers to his motion for new trial (which was necessarily filed after
his “trial”) to support this contention.  Nevertheless, the docket sheet in the
clerk’s record indicates that Stepp filed a motion to quash which was denied
before trial.  Therefore, it appears that the trial court’s certification is
defective.

            The appropriate remedy in
this situation is for the appeal to be abated for entry of an amended
certification of the defendant’s right of appeal.  See Harris v. State,
137 S.W.3d 829, 830-31 (Tex. App.—Waco 2004, order) (per curiam); see also
Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). 
Accordingly, we abate this appeal to the trial court for entry of (1) an
amended certification or (2) written
findings of fact and conclusions of law supporting the statement that Stepp has
no right of appeal.

            The trial court shall deliver the
amended certification or its written findings of fact and conclusions of law to
the trial court clerk within fourteen days after the date of this Order.[1] 
The trial court clerk shall: (1) prepare a supplemental clerk’s record containing
the amended certification or the written findings of fact and conclusions of
law; and (2) file the supplemental clerk’s record with the Clerk of this Court
within twenty-one days after the date of this Order.

 

                                                                                    PER
CURIAM

 

Before Chief Justice Gray,

Justice
Vance, and

Justice
Reyna

Appeal abated

Order issued and filed
June 27, 2007

Do not publish

[CR25]









[1]
              If the trial court agrees that
Stepp has a limited right of appeal and accordingly amends its certification,
the court must also admonish him on the record “of the dangers and
disadvantages of self-representation” and determine whether Stepp desires to
represent himself.  See Tex. Code
Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); Fewins v. State,
170 S.W.3d 293 (Tex. App.—Waco 2005, order) (per curiam).  An inquiry regarding
Stepp’s representation will necessarily require the preparation and filing of
additional documents such as: (1) findings regarding Stepp’s indigence; and (2)
a written waiver of counsel if Stepp persists in representing himself.  See
Tex. Code Crim. Proc. Ann. art.
1.051(d), (g) (Vernon 2005); see also Fewins, 170 S.W.3d at 294-96. 
Such documents must also be included in the supplemental clerk’s record
required by this abatement order.