IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00109-CR

 

Alfred Windon Scott,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 06-01712-CRF-361

 



abatement ORDER



 

The State has filed a motion to abate this
appeal.  We will grant it.

The notice of appeal in this cause was filed on
April 4, 2007, and the clerk’s record was filed on April 26, 2007.  A docketing
statement has not been filed.

The reporter’s record has not been filed.  The
State’s motion asserts that Kaetheryn Kyriell, the court reporter for the
second and third days of trial, has not received a request for the
transcription of the reporter’s record.

The Court abates this cause to the trial court
with instructions to hold a hearing to determine: (1) why a docketing statement
has not been filed on Appellant’s behalf; (2)
why the reporter’s record has not been requested and whether it will be
requested; (3) whether Appellant’s
attorney has abandoned the appeal or is providing effective assistance; (4)
whether Appellant still desires to proceed with the appeal; and (5) whether
Appellant desires to represent himself.  See Tex. R. App. P. 38.8(b)(2); Fewins v. State, 170
S.W.3d 293 (Tex. App.—Waco 2005, order).

The trial court shall conduct the hearing within
thirty days after the date of this order.  The trial court clerk and court
reporter shall file supplemental records within forty-five days after the date
of this order.  See Fewins, 170 S.W.3d at 296-97.

             


               
                                                        

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray would grant the State’s motion and thus limit the issues for the
hearing to the issues raised in the motion.)

Appeal
abated

Order issued and filed
April 2, 2008

Do not publish








 






yle="font-family: 'CG Times', serif">      The appellant, Donivan Ray Perkins, pled guilty to the offense of possession of less than four
grams of cocaine, and the trial court assessed an enhanced punishment of five years’ incarceration
in the Institutional Division of the Texas Department of Criminal Justice. See Tex. Health &
Safety Code Ann. § 481.115(c) (Vernon Supp. 1998).
      Alleging that an appeal from Perkins’ conviction would be frivolous, Perkins’ attorney filed
an Anders brief and a motion to withdraw on November 3, 1997. See Anders v. California, 386
U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967). In accordance with this court’s recent opinion in
Wilson v. State, we notified Perkins on November 12, 1997, that he had thirty days in which to
file a pro-se response stating why his appeal is meritorious. No. 10-97-090-CR, slip op. at 4,
1997 WL 700877, at * 4 (Tex. App.— Waco November 12, 1997, no pet.). Those thirty days
have passed and Perkins has not filed any response. It is therefore our duty to conduct an
independent review of the record to determine if Perkins’ appeal is without merit and to assess
whether Perkins’ attorney complied with the requisite procedures as articulated in Anders, 386
U.S. 738, 744, 87 S.Ct. 1396, 1400.
      Because Perkins pled guilty to the offense of possession of cocaine, he is limited as to the
issues he may complain about on appeal. See Tex. R. App. P. 25.2(b)(3).


 Upon review of the
record, we agree with Perkins’ attorney that the only potentially arguable point on appeal is the
legality of the seizure of the crack cocaine at the time of Perkins’ arrest. However, we conclude
that the trial court did not err in finding that the seizure of the cocaine was legal and denying
Perkins’ motion to suppress.
      Perkins was arrested on March 25, 1996 for possession of less than four grams of crack
cocaine. See Tex. Health & Safety Code Ann. § 481.115(c). Perkins’ vehicle was parked on
an “unapproved surface” along a road in Dallas when a Dallas police officer stopped to
investigate. When the officer spotlighted Perkins’ vehicle, Perkins emerged and proceeded to
“nonchalantly” drop a white object. The officer approached Perkins and the vehicle, and when
he looked inside the vehicle, he saw a razor blade with white residue. The officer then proceeded
to pick up the white container Perkins had dropped and found cocaine inside. The officer arrested
Perkins.
      Prior to trial, Perkins’ attorney filed a motion to suppress any evidence obtained as a result
of Perkins’ arrest. After a hearing, the trial judge denied the motion. Perkins then pled guilty to
the charged offense and “true” to an enhancement paragraph.
      The record reflects that the crack cocaine was in plain view of the officer when he approached
the vehicle. The plain view doctrine requires: (1) the seizing law enforcement officer to be
lawfully in the place where he observes the contraband, and (2) the item seized must appear to be
evidence associated with a crime. Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996),
cert. denied, — U.S. —, 117 S.Ct. 1556 (1997); State v. Haley, 811 S.W.2d 597, 599 (Tex.
Crim. App. 1991). The arresting officer testified that Perkins’ vehicle was already parked when
the officer stopped to investigate. When Perkins exited the vehicle, the officer witnessed him drop
a white object which the officer later discovered contained cocaine. The officer also saw a razor
blade with white residue on it located in the driver’s seat and, based on his experience as a police
officer, he believed the residue to be cocaine.
      Based on the facts adduced during the suppression hearing, it is apparent that Perkins was not
detained by the officer, but was voluntarily, albeit illegally, parked on the side of the road when
the officer approached him. Consequently, we cannot conclude that the trial court abused its
discretion by denying Perkins’ motion to suppress when the officer made no intrusion upon
Perkins but merely stopped to investigate an illegally parked vehicle. See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). 
      Having so determined and concluding that Perkins’ attorney has fulfilled her duties under
Anders, we will grant her motion to withdraw as Perkins’ attorney and affirm Perkins’ conviction. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.-Waco 1994, pet. ref’d).
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed; motion to withdraw granted
Opinion issued and filed January 21, 1998
Do not publish