IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-08-00025-CR,
10-08-00026-CR, 10-08-00027-CR, 10-08-00028-CR,

10-08-00029-CR,
10-08-00030-CR, and 10-08-00058-CR

 

Brian Lancaster,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court Nos. 07-01488-CRF-272,
07-01490-CRF-272,

07-03055-CRF-272,
07-03056-CRF-272, 07-03057-CRF-272,

07-3058-CRF-272, and
07-01489-CRF-272

 



ABATEMENT ORDER



 

            Appellant’s brief is
overdue, and after notice to appellant’s counsel to file a brief or extension
request, none has been filed.  Therefore, we abate these causes to the trial
court for a hearing to determine: (1) why a brief has not been filed on
appellant’s behalf; (2) whether counsel has abandoned the appeal; (3) whether
appellant still desires to proceed with the appeal; and (4) whether appellant
desires self-representation.  See Tex.
R. App. P. 38.8(b)(3); Fewins v. State, 170 S.W.3d 293 (Tex.
App.—Waco 2005, order).

            The trial court shall
conduct the hearing within 30 days after the date of this order.  The
trial court clerk and the court reporter shall file supplemental records within
45 days after the date of this order.  See Fewins, 170 S.W.3d at
296-97.

                                                                                    PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna 

Appeals
abated

Order
issued and filed December 17, 2008

Do
not publish

[CRPM]








 






i>See Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  Reviewing all the evidence in a light
favorable to the verdict, the evidence is legally sufficient to prove that Martinez threatened to stab Hotelling.  Martinez’s first issue is overruled.

            Hotelling also testified that the
knife Martinez used to threaten her was a folding knife, also referred to as a
pocket knife, which he unfolded to reveal a 4 inch blade.  Martinez argues in
his second issue that because no knife was introduced into evidence and because
a knife is not a deadly weapon, per se, the jury was unable to determine
whether or not the knife Hotelling testified about was capable of causing
serious bodily injury or death.  But Hotelling stated she was afraid that he
would hurt her and that the knife was capable of killing her.  Further,
Detective Rozyskie, of the Waco Police Department, testified that a pocket
knife with a 4 inch blade could be capable of causing serious bodily injury or
death by stabbing, slicing, or cutting.  

            It is true that a knife is not a
deadly weapon per se.  Lafleur v. State, 106 S.W.3d 91, 95 (Tex. Crim. App. 2003).  However, an object is a deadly weapon if the actor intends a use of
the object in which it would be capable of causing death or serious bodily
injury.  McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); Tex. Penal Code Ann. § 1.07 (a)(17)(B)
(Vernon Supp. 2007).  Objects used to threaten deadly force are deadly weapons. 
Herring v. State, 202 S.W.3d 764, 766 (Tex. Crim. App. 2006); McCain,
22 S.W.3d at 503.  The State need only show that the weapon used was capable of
causing serious bodily injury or death in its use or intended use.  Adame
v. State, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002).

            Reviewing all the evidence in the
light most favorable to the verdict, the evidence was sufficient to prove the
use or display of a deadly weapon.  Martinez’s second issue is overruled.

            Having overruled each issue presented
to us, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed February 6, 2008

Do
not publish 

[CR25]