

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-13-00040-CR &
06-13-00041-CR

JONATHAN TRUJILLO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court Nos. 0920903 & 0921175

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Jonathan Trujillo appeals the final adjudication of his guilt for two separate offenses of delivery of marihuana in a drug-free zone in these two companion appeals.

Trujillo evidently represented himself at trial, with standby counsel. Cynthia Braddy was appointed to represent Trujillo on appeal. After Trujillo's appeal brief was not timely filed, the trial court appointed Wade Forsman as replacement counsel for appeal. In the meantime, Trujillo had presented a number of complaints and motions to this Court, including his requests that Braddy be replaced as counsel, indicating that he either believed he was representing himself on appeal or he wished to do so—possibly with standby counsel. As the documents had crossed in the mail and since a major part of his request—that Brady be replaced—had been granted, we requested clarification. Trujillo has informed this Court that he wishes to represent himself.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). The Sixth and Fourteenth Amendments to the United States Constitution mandate that each criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. *See Douglas v. People of Cal.*, 372 U.S. 353, 356–57 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him or her on appeal. *See McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 435 (1988).

However, unlike the situation at trial, there is no federal constitutional right to waive counsel and represent yourself on appeal. *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000). States are free to provide such rights if they chose, but no Texas

2

court has yet said that, in this regard, the Texas Constitution provides any broader rights than does the Federal Constitution. *See* TEX. CONST. art. 1, § 10.

Until amended in 2008, the Texas Code of Criminal Procedure stated categorically that a defendant had the right to waive the right to counsel. *See* Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 1, 1987 Tex. Gen. Laws 3321, 3321 (amended 2002, 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012)); *see also Fewins v. State*, 170 S.W.3d 293 (Tex. App.—Waco 2005, no pet.) (per curiam). At that time, we agreed with the reasoning set out in *Fewins* that if an appellant had the right to waive counsel, he or she had a concurrent right to self-representation. *See Fewins*, 170 S.W.3d at 296.

In 2007, an amendment added language to the statute stating, "[I]f a defendant wishes to waive the right to counsel *for purposes of entering a guilty plea or proceeding to trial*," he or she may do so. Act of May 17, 2007, 80th Leg., R.S., ch. 463, § 1, 2007 Tex. Gen. Laws 821, 821 (current version at TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012)). That changes everything. Instead of a generic statement about the right to waive counsel at any point, the statute is now directed solely at trial activities, and the current version of the statute provides no support for the position that such a statutory right exists under Texas law. TEX. CODE CRIM. PROC. ANN. art 1.051(g) (West Supp. 2012).

Consistent with that reading, since 2011, the Amarillo Court of Appeals has specifically discussed the current version of the statute, concluding that it does not apply to appeals but only to trial activities, and concluded that no right to self-representation on appeal exists in Texas. *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490 (Tex. App.—Amarillo Dec. 2,

3

2011) (per curiam) (order); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 8426 (Tex. App.—Amarillo Oct. 21, 2011) (per curiam) (order); *see Curry v. State*, No. 07-11-00425-CR, 2012 Tex. App. LEXIS 2586 (Tex. App.—Amarillo Mar. 30, 2012) (per curiam) (order). We agree.

We have reviewed the record and Trujillo's many filings and concluded that it would not be in his best interest, the State's best interest, or the interests of justice to exercise our discretion to allow him to act pro se in this appeal. Instead, he should remain represented by trained, competent counsel on appeal.

Accordingly, Trujillo's request to represent himself on appeal is denied. Appointed counsel, Wade Forsman, is directed to proceed with preparation of appellant's brief.

Appellant's brief is due thirty days from the date of this order.

IT IS SO ORDERED.

BY THE COURT

Date: August 29, 2013