

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00107-CR

**JOHN TREMAINE JONES,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 39,241

## ABATEMENT ORDER

Appellant, John Termaine Jones, filed a motion to dismiss his appointed counsel on appeal. He asserts that he has had no communication with his attorney and would like the attorney removed from the appeal. In this motion, appellant does not seek the appointment of new counsel or to represent himself. *See Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Fewins v. State*, 170 S.W.3d 293 (Tex. App.—Waco Sept. 7, 2005, ord.).

Nevertheless, because the Court does not have jurisdiction to grant the relief requested, this appeal is ABATED to the trial court to have a hearing, within 21 days from

the date of this ORDER, to determine whether appointed counsel should be removed for good cause, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West 2009) **and** whether:

1. appellant seeks to waive his right to counsel and represent himself on appeal; or

2. appellant seeks the appointment of new/other counsel.

If appellant seeks the appointment of new/other counsel, the trial court must determine if that motion should be granted or denied. If it is to be granted, new counsel must be appointed. *See id*. art. 1.051(d) (West 2005). If the motion is denied, appellant will be required to proceed on appeal with counsel already appointed. *See Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989) (indigent defendant does not have the right to the appointment of a particular attorney). However, if appellant seeks the dismissal of existing counsel and seeks to be allowed to represent himself on appeal, which is his statutory right, *see* TEX. CODE CRIM. PROC. ANN. art 1.051(f) (West 2005), the trial court must advise the appellant in accordance with *Faretta* as applicable to the appellate process. *See Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Fewins v. State*, 170 S.W.3d 293 (Tex. App.—Waco Sept. 7, 2005, ord.).

Supplemental clerk's and reporter's records are ORDERED to be filed within 28 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeal abated
Order issued and filed January 10, 2018

