

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00243-CR

**WILLIAM FREDERICK PETTY, III,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-F201700241

## ABATEMENT ORDER

William Frederick Petty, III, appellant, has filed a motion on his own behalf entitled "Appellant Pro Se's Motion to Abate His Appeal, Terminate Appointed Appellant Counsel Don Bonner as of Jan 25th, 2019 and Proceed Pro Se, So That He may File His Own Pro Se Appellant Brief in the Intrest [sic] of Justice Pursuant to His 'Due Process' and 'Faretta' Rights to Self Representation, and Acquire the Complete Record for a Fair Appeal" hereinafter referred to as the "Motion."

Appellant's Motion evidences a request that appellant be allowed to represent

himself in this appeal. Currently appellant is represented by appointed counsel. The Motion evidences a basic misunderstanding of the methodology to assert the right to self-representation on appeal. Moreover the Motion evidences some erroneous views of the rights to which an appellant is entitled during the course of the appeal even if he is acting as his own counsel. But in this order, it is unnecessary for this Court to identify any issue other than appellant has asserted a right to represent himself on appeal. Contrary to appellant's assertions, this is not a constitutional right but rather a statutory right in Texas as this Court has previously recognized and held. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 160-63, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000) (no constitutional right to self-representation on appeal); *Fewins v. State*, 170 S.W.3d 293, 296 (Tex. App.—Waco 2005, order) (statutory right to self-representation on appeal).

Moreover, appellant will no doubt be disappointed that he is not entitled in a direct appeal to supplement the appellate record with evidence. While appellant may assert his actual innocence, as argued in the Motion, and may find evidence not in the appellate record to prove such, that argument and evidence is not relevant to this direct appeal, but may be appropriate in a post-conviction writ of habeas corpus. This appeal is limited to the issue of whether there was trial court error, properly preserved if necessary, that occurred in the trial court proceeding, which caused appellant sufficient harm to reverse the trial court's judgment and remand for a new trial, or to reverse the trial court's judgment and acquit appellant of the crime for which he has been convicted.

On February 5, 2019, Appellant's appointed attorney, Don Bonner, filed with this Court a motion to withdraw as appellant's counsel and a motion for extension of time to

file appellant's brief.  In counsel's motion to withdraw, he recites essentially the same factual background as appellant in the Motion.

When an appellant is represented by appointed counsel, the trial court retains jurisdiction to remove appointed counsel.  The request to remove appointed counsel or to withdraw as appointed counsel must be made to the trial court, not this Court.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04 (West 2009); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, order).  Although the trial court retains the jurisdiction over appointed counsel until appointed counsel's tasks are completed or appointed counsel is removed, we note that appellant has requested other relief that is somewhat inter-related to his request to be allowed to represent himself.

Accordingly, so that there is no subsequent argument about the scope of the trial court's authority to address all the relief that appellant has requested in the Motion, and without regard to any allegations made in the Motion and without any finding in support of any such allegations, the Court:

1. DISMISSES all relief requested in the Motion without prejudice to presenting appellant's requests to the trial court.  Appellant must file his requests with the trial court clerk within 14 days from the date of this Order;

2. DISMISSES counsel's motion to withdraw without prejudice to presenting the request to the trial court;

3. DISMISSES counsel's motion for extension of time to file appellant's brief without prejudice and SUSPENDS the appellate timetable which will be reset when the appeal is reinstated; and

4. ABATES this appeal to the trial court to hold a hearing, within 28 days from the date appellant files his request, if any, with the trial court clerk, to determine whether appellant will be allowed to represent himself on

appeal and to make rulings on appellant's other requested relief as necessary or ancillary to the trial court's ruling on the motion for self-representation.

The trial court clerk and court reporter are ordered to file supplemental records within 14 days from the date of the abatement hearing.

PER CURIAM

Before Chief Justice Gray, and
     Justice Davis
Motions dismissed
Appeal abated
Order issued and filed February 13, 2019

