John David SICKLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00258–CR.

Court of Appeals of Texas, Waco.

Sept. 14, 2005.

Bryan Frazier, Orange, for Appellant.

John D. Kimbrough, Orange County Dist. Atty., Orange, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**ORDER**

PER CURIAM.

The order of this Court dated June 15, 2005 denying (1) Appellant's counsel's motion to withdraw, (2) Appellant's motion to file a *pro se* brief, and (3) Appellant's motion for access to the appellate record is withdrawn. The following order is substituted therefor.

■ Appellant advised his appointed counsel that he desires to represent himself and asked counsel to withdraw. In our June 15 order, this Court observed that Appellant has no constitutional right to self-representation on appeal and cited two appellate courts which "have determined that there is no right for an appellant in a criminal case to represent himself on appeal." *Sickles v. State*, No. 10–04–00258–CR, slip op. at 1 (Tex.App.-Waco June 15, 2005, order) (not designated for publication) (citing *Crawford v. State*, 136 S.W.3d 417, 418 (Tex.App.-Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex.App.-Houston [1st Dist.] 2002, order). On further consideration however, we have come to the conclusion that a criminal appellant does have a statutory right of self-representation on appeal.[1] *See Fewins v. State*, 170 S.W.3d 293, 296, 2005 WL 2155228, at *3, 2005 Tex.App. LEXIS 7423 at *10 (Tex.App.-Waco Sept. 7, 2005, order) (per curiam).

A decision to waive the right to appointed counsel must be made "voluntarily and intelligently" and "in writing." Tex.Code Crim. Proc. Ann. art. 1.051(f) (Vernon 2005). To satisfy this requirement, the trial court shall admonish Sickles on the record "of the dangers and disadvantages of self-representation."[2] *Id.* art. 1.051(g)

---

**1.** In conformance with this Court's June 15 order, Sickles's counsel recently filed a brief on Sickles's behalf. This does not, however, operate to deprive Sickles of his right to self-representation.

**2.** This does not necessarily mean, however, that Sickles must personally appear at the abatement hearing. *See Fewins v. State*, 170 S.W.3d 293, 294, 2005 WL 2155228 at *1–*2,

(Vernon 2005). If the court determines that he has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

■ This Court does not have the authority to permit appointed counsel to withdraw. *See Fewins*, 170 S.W.3d at 294 n. 2, 2005 WL 2155228 at *5 n. 2, 2005 Tex.App. LEXIS 7423 at *2 n. 2 (citing *Sowels v. State*, 45 S.W.3d 690, 692 (Tex. App.-Waco 2001, no pet.)). Accordingly, counsel's motion to withdraw is denied.

■ We cannot determine whether to grant Sickles's motion to represent himself until it has been determined by the trial court that his decision to waive appointed counsel has been made voluntarily and intelligently. Therefore, we abate this appeal to the trial court for a hearing to make this determination.

The trial court shall, within thirty days after the date of this Order: (1) conduct the hearing; (2) cause a court reporter to make a record of the hearing; (3) make appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

If the trial court determines that Sickles has voluntarily and intelligently waived his right to appointed counsel, the court shall inform Sickles that his brief is due within thirty days after the date of the hearing. The trial court shall also advise the trial court clerk to make the appellate record available to Sickles for preparation of his brief within ten days after the date of the hearing. *See Gonzalez v. State*, 984 S.W.2d 790, 791 (Tex.App.-Waco 1999, order) (per curiam).

2005 Tex.App. LEXIS 7423 at **3–4 (Tex.

The trial court clerk shall: (1) prepare a supplemental clerks record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerks record with the Clerk of this Court within forty-five days after the date of this Order.

The court reporter shall prepare and file a supplemental reporter's record containing a transcription of the hearing within forty-five days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Flip flop—On June 15, 2005 we issued a unanimous order directly contrary to what we have done today. *Sickles v. State*, No. 10–04–00258–CR (Tex.App.-Waco June 15, 2005, order) (not designated for publication) (attached as Appendix A). Justice Vance even wrote an extensive note further explaining how the older Court of Criminal Appeals cases were being discounted by more recent cases. *Id.* While we did not hold that a defendant has no right to represent himself or herself on appeal, we noted there was no constitutional right to self-representation and held Sickles was not entitled to represent himself and denied counsel's motion to withdraw. We are not the first court to consider the issue. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex.App.-Houston [1st Dist.] 2002, order); *see also Crawford v. State*, 136 S.W.3d 417, 418 (Tex.App.-Corpus Christi 2004, order); *Glenn v. State*, No. 03–03–00212–CR, 2003 Tex.App. LEXIS 7082, *3 (Tex.App.-Austin, August 6, 2003, order)(published); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex.App.-Houston [14th Dist.] 2000, order). There is no reason for this Court to be the only court now holding to the contrary.

App.-Waco Sept. 7, 2005, order) (per curiam).

If the statutory right was an absolute right, we would not have the concept that the defendant must make a knowing and intelligent waiver of the right to counsel. Our earlier holding in this appeal is an extension of the concept and simply imposes on the court the duty to weigh other factors, specifically including the interest of the defendant, the State, and the administration of justice, when it considers whether the defendant will be allowed to represent himself on appeal.

We have all the information we need in the record before us to consider Sickles' request. I think we were correct in our holding that upon the record before us, Sickles did not have the right to represent himself on appeal.

The flip-flop remains unexplained. I dissent.

## APPENDIX A

This Appendix is from *Sickles v. State*, No. 10–04–00258–CR (Tex.App.-Waco June 15, 2005, order) (not designated for publication)

## ORDER

Sickles's counsel has filed in this Court a motion to withdraw as counsel. Counsel attached 1) a letter from Sickles requesting his withdrawal and 2) a copy of a motion for self representation signed by Sickles. Sickles also filed a motion to represent himself on appeal. Both motions are denied.

Sickles does not have a constitutional right to represent himself on appeal. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163–64, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). At least two courts of appeals have determined that there is no right for an appellant in a criminal case to represent himself on appeal. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex.App.-Houston [1st

Dist.] 2002, order); *see also Crawford v. State*, 136 S.W.3d 417, 418 (Tex.App.-Corpus Christi 2004, order). In determining whether to grant Sickles's request for self-representation, we consider whether the interests of Sickles, the State, and the administration of justice would be best served by Sickles's self-representation. *Id.*

Counsel represented in correspondence that he has done a considerable amount of work on this appeal, but does not want to jeopardize Sickles's right to represent himself on appeal. We have reviewed the legal materials filed by Sickles and determine that it is in the best interest of Sickles, the State, and the administration of justice if Sickles continues this appeal represented by counsel.

Accordingly, we deny counsel's request to withdraw and Sickles's motion to represent himself. This appeal will proceed with Sickles being represented by counsel. Sickles's brief is due 25 days from the date of this order.

\* "(Justice VANCE concurs with a note. This order does not fully explain how it discounts Court of Criminal Appeals authority, cited by counsel, saying that a defendant has the right to represent himself on appeal. *See Webb v. State*, 533 S.W.2d 780, 784–85 (Tex.Crim.App.1976) ("We hold here that the right of an accused to reject the services of counsel and instead represent himself extends beyond trial into the appellate process.... Regardless of the point in the appellate process at which an appellant chooses to assert his right of self-representation, he will be required to comply with all relevant rules of appellate procedure set forth in our Code of Criminal Procedure."); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim.App.1987) ("[W]e now hold that appellant timely asserted his right of self-

representation. . . . We now remand the appeal to the Court of Appeals and instruct them to direct the trial court to hold a hearing during which the trial court must make the appellant aware of the dangers and disadvantages of self-representation and the trial court must develop evidence as to whether appellant's apparent decision to relinquish benefits associated with counsel and to proceed pro se is knowingly and intelligently made."). *Cormier* notes that these two cases were decided by the Court of Criminal Appeals before the *Martinez* case, decided by the U.S. Supreme Court in 2000, said that the states are clearly within their discretion to conclude that the government's interests in the fair and efficient administration of justice outweigh the invasion of the appellant's interest in self-representation. But *Martinez* has been cited by the Court of Criminal Appeals in a footnote. *Scheanette v. State*, 144 S.W.3d 503, 510 n. 2 (Tex.Crim.App.2004) ("neither does [Appellant] have a constitutional right to represent himself on direct appeal."). *Crawford* says: "Therefore, we review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice." Applying those factors, I concur in the order.)"