John David SICKLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00258–CR.

Court of Appeals of Texas, Waco.

Nov. 9, 2005.

Bryan Frazier, Orange, TX, for Appellant/Relator.

John D. Kimbrough, Orange County District Attorney, Orange, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ORDER

PER CURIAM.

By order dated September 14, 2005, we abated this appeal for a hearing in the trial court to determine whether John David Sickles had voluntarily and intelligently waived his right to counsel in connection with a motion for self-representation he filed with this Court. *See Sickles v. State,* 170 S.W.3d 298 (Tex.App.-Waco 2005, order) (per curiam). Sickles has since filed a motion to withdraw his motion for self-representation. In addition, due to the damage caused by Hurricane Rita, the trial court has advised that she will not be able to conduct the contemplated abatement hearing in the foreseeable future because the Sheriff's Department is unable to keep or transport inmates.

In light of these developments, we reinstate this appeal, grant Sickles's motion to withdraw the motion for self-representation,[1] and notify counsel for the State that

---

1. It may be argued that considering the merits of Sickles's motion for self-representation and/or his motion to withdraw that motion bestows on him a right of hybrid representa- tion, which is not generally permitted. *See Ex parte Taylor,* 36 S.W.3d 883, 887 (Tex. Crim.App.2001); *Sossamon v. State,* 110 S.W.3d 57, 61 (Tex.App.-Waco 2002, order)

the State's brief is due thirty days after the date of this Order.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

A classic waste of resources. We could do this in a simple letter directed only to the parties so that I would not have to do a formal concurring opinion. It would be less embarrassing for the Court. And the majority knows that I cannot check off on something I do not agree with, it is simply not in my nature or my job description. So rather than easy, we do it the hard way.[1]

## FAILURE TO SERVE MOTION

There are very few of our procedural rules that are clearer than Texas Rule of Appellate Procedure 9.5 regarding service. Two aspects of that rule are relevant here.

### SERVICE OF ALL DOCUMENTS REQUIRED

I would have thought there was no room for debate—service of all documents is required. TEX.R.APP. P. 9.5(a). The rule states:

> (a) *Service of All Documents Required.* At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding.

The motion to vacate which was obviously prepared and mailed to us by Sickles, not his lawyer, does not indicate that it was served.

### PROOF OF SERVICE

If a document is presented for filing, there must be evidence that it was served on opposing parties. TEX.R.APP. P. 9.5(d). The rule provides:

> (d) *Proof of Service.* A document presented for filing must contain a proof of service in the form of either an acknowledgment of service by the person served or a certificate of service. Proof of service may appear on or be affixed to the filed document. The clerk may permit a document to be filed without proof of service, but will require the proof to be filed promptly.

Of course, the rule goes on and is very specific about what must be in the certificate of service if that form of proof of service is utilized. TEX.R.APP. P. 9.5(e). The requirements of the certificate of service are very detailed, noticeably more detailed than the certificate required for serving civil pleadings at the trial court level. *See* TEX.R. CIV. P. 21. We have, on occasion, allowed less than strict compliance with Rule 9.5(e) if it appeared from the certificate that substantial, though not perfect, compliance was obtained.

For this motion, there is no compliance. We should strike the motion if Sickles fails to cure the defect after notice thereof.

## EVIDENCE ON MOTIONS

Ruling on this motion requires the majority to rely on evidence not in the record. Where is this evidence? It is in the form of statements in the motion. That is what

---

(per curiam). However, the prohibition on hybrid representation is not absolute. *See e.g. Warren v. State,* 98 S.W.3d 739, 741 (Tex. App.-Waco 2003, pet. ref'd). In the context of a case in which a criminal appellant has asserted his right of self-representation, there will undoubtedly be pleadings filed by both the appellant and his attorney until the issue of self-representation is determined.

1. All we had to say in a letter order is: "A majority of the Court vacates the abatement order issued September 14, 2005, and reinstates the appeal. The State's brief is due within 30 days after the date of this order."

the majority is relying upon to grant the relief requested. The rules require the evidence being relied upon in this motion to be verified. Tex.R.App. P. 10.2.

The types of facts requiring proof are those that are:

(a) not in the record;

(b) not within the court's knowledge in its official capacity; or

(c) not within the personal knowledge of the attorney signing the motion.

*Id.*

The evidence for this motion is as follows:

> Due to unscrupulous actions by many dishonest inmates in here, I was lead to believe that any issues my appointed attorney did not raise would never allow me to bring them up or litigate them in my 11.07 Writ of Habeas Corpus if my appeal were to go into that court. And that my appointed counsel would deliberately omit anything that could or would bring me relief. These people instigated me to file the motion to have my counsel withdrawn from my appeal. After some research, and allowing some honest inmates to expose their devious intentions, I now realize that this was a foolhardy move by allowing that motion to be filed.
>
> As you have ordered the trial court to determine if my decision to waive counsel was made voluntarily and intelligently. I believe that this memo will support my claim that this decision to waive counsel was not made intelligently.

This evidence fits all three of the requirements for verification. It is not verified. We have no evidence properly before us on which we can base our ruling. We should require verification of the facts if we are going to grant the motion on this evidence.

## HURRICANE RITA

Contrary to the statements in the majority's order, Rita has nothing to do with whether Sickles should be allowed to represent himself on appeal or whether there should be a hearing. Rita may cause us to grant an extension, but it does not alter the entitlement to a hearing. If he was entitled to a hearing before Rita, he is still entitled to one now. They even noted in footnote 2 of their September 14, 2005 abatement order that Sickles did not have to appear in person so the sheriff's ability to transport or keep prisoners is not in issue.

## REPRESENTATION ON APPEAL BY COUNSEL

Sickles had expressed a desire to represent himself. Initially, we held unanimously that he could not. *Sickles v. State,* No. 10–04–00258–CR (Tex.App.-Waco June 15, 2005, order) (not designated for publication). Over my objection, a majority of this Court flip-flopped, holding that he was entitled to represent himself on appeal but only if he made a voluntary and intelligent waiver of his statutory right to counsel in writing. *Sickles v. State,* 170 S.W.3d 298 (Tex.App.-Waco 2005, order). They abated the appeal so the trial court could make the evaluation necessary regarding the voluntary and intelligent waiver. We had already made one evaluation based upon the relevant factors and determined that he should not be allowed to represent himself on appeal. But then they decided to let the trial court have a go at it.

Sickles has now provided a document to this Court in which he asks "the Honorable Court to please vacate the order of this Court delivered [sic] and filed on September 14th, 2005." The referenced order is the abatement order. The majority determines that he can represent himself on appeal, at least for this motion. After completely re-characterizing his motion to vacate the abatement order as a motion to

withdraw his earlier motion to represent himself, they grant "his" motion and reinstate the appeal.

There is an assumption implicit in what they have done. The majority has concluded that his decision to move to vacate the abatement order, an order designed to implement his asserted right to waive the assistance of counsel and to represent himself, is voluntary and intelligent. Sounds confusing, doesn't it? But if we as a court can make this decision, why could we not, in the first instance, determine that he did not make a voluntary and intelligent waiver rather than ordering this to go through the cost and expense of a hearing on abatement before the trial court? He asserts in his explanation that he did not make the earlier waiver of his right to counsel intelligently. Maybe it is Sickles's current decision that is not being made voluntarily or intelligently. How does the majority know this decision was voluntary and intelligent but could not decide the same issue as to the earlier request?

I, for one, would like some guidance on when this Court can and will make a decision on whether a waiver is voluntary and intelligent and when we must abate the proceeding for a trial court to make that determination.

As I said in my dissenting opinion, the flip-flop remains unexplained.

### CONCLUSION

Because we are back to precisely where we were on June 15, 2005 when we unanimously held that Sickles would be represented on appeal by counsel, I concur in the result of the order though I join no part of the reasoning the majority has used to get to that result. We have arrived here over four months late.