**Jeffrey C. VACCARO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00336–CR.**

Court of Appeals of Texas,
Waco.

July 12, 2006.

---

Jeffrey C. Vaccaro, Amarillo, pro se.

B.J. Shepherd, Bosque County Dist. Atty., Meridian, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER REGARDING VIDEOTAPE

PER CURIAM.

Jeffrey Vaccaro is representing himself in this appeal. He is in a State prison. The problem we must deal with in this order is just one of many problems encountered in this circumstance.

A portion of a videotape of Vaccaro's arrest was played during his trial. It is unclear precisely where the playing of the tape stopped. We have viewed the videotape and the reporter's record. We have determined that the tape was started from at least counter marker 22:07:48 and was stopped prior to counter marker 22:11.

Vaccaro has sought a copy of the entire tape, not limited to what was played at trial. He has been provided a copy three times but the law librarian of his prison unit has returned it to the court reporter. The explanation provided when the tape was last returned is as follows:

> Offenders, [sic] do not have access to the equipment to view video tapes, nor can they have possession of a video tape. If you can provide a court order to have this offender view this tape that order will be entertained.

This is just one of the myriad of factors courts should consider in determining if defendants will be allowed to represent themselves on appeal. *See Sickles v. State*, 170 S.W.3d 298, 301 (Tex.App.-Waco 2005, order) (Gray, C.J., dissenting).

Vaccaro now seeks an order from this Court compelling the trial court to produce the tape and a written order to the warden compelling the warden to allow

Vaccaro to view the tape as described more fully below. Vaccaro is actually asking us to compel the trial court, in the nature of a mandamus, to render an order against the warden of a TDCJ unit not in the trial court's district. Because this case is on appeal, the trial court would not have the authority, if it otherwise would, to order the production of "a true and correct copy of 'Defendant's Exhibit One' (videotape) that was entered at trial and provide a written order directing Warden Bruce Zeller to allow appellant proper time and environment to transcribe said video into a noterized [sic] legal document for appeal purposes." Vaccaro's specific request is denied.

■ To get this appeal moving, however, we will grant his motion in part and render the following order:

The Clerk of this Court is ordered to prepare a copy of the videotape from counter marker 22:07:48 to 22:11:00. The Clerk must produce this copied portion of the tape, which contains at least what was played before the jury, if not more, to Vaccaro in care of the warden of his unit, Warden Bruce Zeller, within 14 days after the date of this Order.

The warden should make the videotape available for Vaccaro, who is acting as his own attorney, to view the tape and take notes as Vaccaro deems appropriate for his appeal within 45 days after the date of this Order. Because there is only limited time and conversation/talking recorded on the tape, we would be surprised if this required more than two hours of access to and playing of the videotape, but may require multiple playbacks.

The tape should be retained by TDCJ according to their standard procedures and returned to this Court at the time Vaccaro files his second supplemental brief. Vaccaro's second supplemental brief should address any additional issues he identifies as a result of watching the video or to provide supplemental argument to the issues already briefed and presented to this Court. The supplemental brief is due no later than 75 days after the date of this Order. The State's briefing on all issues, including the supplemental brief, if any, is due 105 days after the date of this Order.