IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00336-CR

 

Jeffrey C. Vaccaro,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 03-05-13639-BCCR

 



ORDER regarding videotape










 

          Jeffrey Vaccaro is representing
himself in this appeal.  He is in a State prison.  The problem we must deal
with in this order is just one of many problems encountered in this
circumstance.

          A portion of a videotape of Vaccaro’s
arrest was played during his trial.  It is unclear precisely where the playing
of the tape stopped.  We have viewed the videotape and the reporter’s record. 
We have determined that the tape was started from at least counter marker
22:07:48 and was stopped prior to counter marker 22:11.

          Vaccaro has sought a copy of the
entire tape, not limited to what was played at trial.  He has been provided a
copy three times but the law librarian of his prison unit has returned it to
the court reporter.  The explanation provided when the tape was last returned is
as follows:

Offenders, [sic] do not have access to the
equipment to view video tapes, nor can they have possession of a video tape. 
If you can provide a court order to have this offender view this tape that
order will be entertained.

 

This is just one of the myriad of factors courts
should consider in determining if defendants will be allowed to represent
themselves on appeal.  See Sickles v. State, 170 S.W.3d 298, 301
(Tex. App.—Waco 2005, order) (Gray, C.J., dissenting).

          Vaccaro now seeks an order from this
Court compelling the trial court to produce the tape and a written order to the
warden compelling the warden to allow Vaccaro to view the tape as described
more fully below.  Vaccaro is actually asking us to compel the trial court, in
the nature of a mandamus, to render an order against the warden of a TDCJ unit
not in the trial court’s district.  Because this case is on appeal, the trial
court would not have the authority, if it otherwise would, to order the
production of “a true and correct copy of ‘Defendant’s Exhibit One’ (videotape)
that was entered at trial and provide a written order directing Warden Bruce
Zeller to allow appellant proper time and environment to transcribe said video
into a noterized [sic] legal document for appeal purposes.”  Vaccaro’s specific
request is denied.

          To get this appeal moving, however, we
will grant his motion in part and render the following order:

          The Clerk of this Court is ordered to
prepare a copy of the videotape from counter marker 22:07:48 to 22:11:00.  The
Clerk must produce this copied portion of the tape, which contains at least
what was played before the jury, if not more, to Vaccaro in care of the warden
of his unit, Warden Bruce Zeller, within 14 days after the date of this Order.

          The warden should make the videotape
available for Vaccaro, who is acting as his own attorney, to view the tape and
take notes as Vaccaro deems appropriate for his appeal within 45 days after the
date of this Order.  Because there is only limited time and
conversation/talking recorded on the tape, we would be surprised if this
required more than two hours of access to and playing of the videotape, but may
require multiple playbacks.

          The tape should be retained by TDCJ
according to their standard procedures and returned to this Court at the time
Vaccaro files his second supplemental brief.  Vaccaro’s second supplemental
brief should address any additional issues he identifies as a result of watching
the video or to provide supplemental argument to the issues already briefed and
presented to this Court.  The supplemental brief is due no later than 75 days
after the date of this Order.  The State’s briefing on all issues, including
the supplemental brief, if any, is due 105 days after the date of this Order.

 

                                                          PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Motion
denied in part and granted in part

Order
delivered and filed July 12, 2006

Publish