

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00417-CR

**HAMIS ATHOMAN CHANDE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-338-C1

## ABATEMENT ORDER

On March 11, 2013, this Court received appellant Hamis Athoman Chande's "Motion for Self-Representation." In this motion, appellant seeks to waive his right to counsel pursuant to article 1.051 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(f)-(g) (West Supp. 2012). In doing so, appellant asserts that his appellate counsel has failed to file a motion for new trial at appellant's request, meet with appellant, and communicate with appellant.

The United States Supreme Court has held that there is no constitutional right to represent oneself on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163, 120 S. Ct. 684, 692, 145 L. Ed. 2d 597 (2000); *see Fewins v. State*, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (clarifying that "*article I, section 10 of the Texas Constitution* does not confer the right of self-representation afforded by the *Sixth Amendment* under *Faretta*." (emphasis in original)). However, a criminal defendant does have a statutory right to self-representation on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1); *see also Sickles v. State*, 170 S.W.3d 298, 299 (Tex. App.—Waco 2005, order). But the right to represent oneself on appeal cannot be used as a tactic to delay the disposition of a proceeding or to create an issue when there is none. *See Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976); *see also Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'").

On the other hand, subsection *f* of article 1.051 of the Texas Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial

judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and his choice is made with eyes open. *Id.* art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

In the instant case, the trial court appointed Charles W. McDonald to represent appellant on appeal. And as mentioned above, appellant has filed a motion in this Court asserting his right to self-representation. Accordingly, we abate and remand this cause for the trial court to administer the appropriate admonishments under subsection *g* of article 1.051 of the Texas Code of Criminal Procedure and to determine whether appellant competently, intelligently, and voluntarily waives his right to counsel.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall conduct the hearing within twenty-eight (28) days after the date of this order. The trial court clerk and court reporter shall file supplemental records within forty-two (42) days after the date of this order.

PER CURIAM

---

[1] Other than abating and remanding this cause for further consideration by the trial court, we do not explicitly rule on any of the filed motions in this case. Accordingly, these motions will be carried with the case at this time.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed April 18, 2013
Do not publish
[CR25]