

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00363-CR

**NOLAN DEWAYNE THOMPKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2013-1318-C2**

## ABATEMENT ORDER

In this case, appellant, Nolan Dewayne Thompkins, was charged and convicted of three counts of sexual assault. *See* TEX. PENAL CODE ANN. § 22.011 (West Supp. 2014). As a result of his convictions, Thompkins received sentences of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice for each count. Thereafter, the trial court appointed Thompkins's trial counsel to represent Thompkins on appeal. Nevertheless, on April 1, 2015, Thompkins filed a pro se motion to substitute counsel on appeal, wherein he requested that this Court appoint him another

attorney on appeal or, in the alternative, "allow him to proceed pro se on appeal and [order] . . . counsel to turn over all records."

The United States Supreme Court has held that there is no constitutional right to represent oneself on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163, 120 S. Ct. 684, 692, 145 L. Ed. 2d 597 (2000); *see Fewins v. State*, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (clarifying that "*article I, section 10 of the Texas Constitution* does not confer the right of self-representation afforded by the *Sixth Amendment* under *Faretta.*" (emphasis in original)). However, a criminal defendant does have a statutory right to self-representation on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2014); *see also Sickles v. State*, 170 S.W.3d 298, 299 (Tex. App.—Waco 2005, order). But the right to represent oneself on appeal cannot be used as a tactic to delay the disposition of a proceeding or to create an issue when there is none. *See Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976); *see also Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'").

On the other hand, subsection *f* of article 1.051 of the Texas Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so

long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and his choice is made with eyes open. *Id.* art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

Here, the trial court appointed John Hurley to represent Thompkins on appeal. And as mentioned above, appellant has filed a motion in this Court requesting new counsel or, in the alternative, asserting his right to self-representation.[1] Accordingly, we abate and remand this cause for the trial court to consider Thompkins's "Motion to Substitute Counsel on Appeal" and, if necessary, administer the appropriate admonishments under subsection *g* of article 1.051 of the Texas Code of Criminal

---

[1] We note that Texas Rule of Appellate Procedure 9.5 requires that, "[a]t or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding" and that the "document presented for filing must contain a proof of service in the form of either an acknowledgement of service by the person served or a certificate of service." TEX. R. APP. P. 9.5(a), (d). Moreover, a certificate of service must be signed by the person who made the service and must state the date and manner of service, the name and address of each person served, and if the person served is a party's attorney, the name of the party represented by that attorney. *See id*. at R. 9.5(e). Thompkins did not indicate in his motion that he served the State or his appointed attorney with a copy of this motion; accordingly, we conclude that appellant's motion does not comply with Texas Rule of Appellate Procedure 9.5. *See id.* at R. 9.5. Thompkins is warned that this Court will not effectuate service on other parties to this appeal and that courts have held that parties advancing pro se are held to the same standards as licensed attorneys. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (noting that pro se litigants are held to the same standards as a licensed attorney and are not granted any special consideration).

Procedure and determine whether appellant competently, intelligently, and voluntarily waives his right to counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall conduct the hearing within twenty-eight (28) days after the date of this order. The trial court clerk and court reporter shall file supplemental records within forty-two (42) days after the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed April 16, 2015
Do not publish
[CRPM]

