

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00227-CR

**SCOTT ELDRED COALWELL,**

                                                 **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                 **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-937-C1

## ABATEMENT ORDER

On January 6, 2020, this Court received a letter, dated December 13, 2019, from Appellant Scott Eldred Coalwell.[1]  In his letter, Coalwell states that he was unhappy with his appointed appellate counsel and therefore "fired" him.  Coalwell further appears to be seeking to waive his right to counsel pursuant to article 1.051 of the Code of Criminal

---

[1] The letter lacks proof of service as required by the Texas Rules of Appellate Procedure.  A copy of all documents presented to the Court must be served on all parties to the proceeding and must contain proof of service.  *See* TEX. R. APP. P. 9.5.  However, to expedite this matter, the Court implements Rule 2 to suspend Rule 9.5's proof-of-service requirement.  *See id.* R. 2.  Furthermore, because all parties may access the letter through the Court's website, we do not include a copy of Coalwell's letter with this Order.

Procedure so that he, acting *pro se*, may voluntarily dismiss this appeal. *See* TEX. CODE

CRIM. PROC. ANN. art. 1.051(f)-(g); TEX. R. APP. P. 42.2(a).

An indigent criminal defendant has a constitutional right to appointed counsel in

a first appeal of right. *Scott v. State*, 80 S.W.3d 184, 197 (Tex. App.—Waco 2002, pet. ref'd)

(citing *Douglas v. California*, 372 U.S. 353, 356-57, 83 S.Ct. 814, 816-17, 9 L.Ed.2d 811 (1963)).

The appointment of counsel for an indigent defendant in a criminal case is under the sole

authority of the trial court. *See Enriquez v. State,* 999 S.W.2d 906, 907-08 (Tex. App.—Waco

1999, order) (per curiam); TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *cf. Meza v. State,* 206

S.W.3d 684, 688 (Tex. Crim. App. 2006). A defendant does not have the right to his choice

of appointed counsel, and unless he waives his right to counsel and chooses to represent

himself, or shows adequate reason for appointment of new counsel, he must accept the

counsel appointed by the trial court. *Rodriguez v. State*, 491 S.W.3d 18, 33 (Tex. App.—

Houston [1st Dist.] 2016, pet. ref'd).

The United States Supreme Court has held that there is no constitutional right to

represent oneself on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate

District*, 528 U.S. 152, 163, 120 S.Ct. 684, 692, 145 L.Ed.2d 597 (2000); *see Fewins v. State*, 170

S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (clarifying that "article I, section 10 of the

Texas Constitution does not confer the right of self-representation afforded by the Sixth

Amendment under *Faretta*" (footnote omitted)). However, a criminal defendant does

have a statutory right to self-representation on appeal. *See* TEX. CODE CRIM. PROC. ANN.

art. 1.051(d)(1); *see also Sickles v. State*, 170 S.W.3d 298, 299 (Tex. App.—Waco 2005, order).

Subsection *f* of article 1.051 of the Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and that his choice is made with eyes open. *See id.* art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

In light of Coalwell's letter, we abate this cause to the trial court for a hearing to determine whether Coalwell intelligently wishes to (1) continue being represented by appointed appellate counsel or (2) represent himself in this appeal. If Coalwell intelligently wishes to represent himself in this appeal, the trial court must administer the appropriate admonishments under subsection *g* of article 1.051 of the Code of Criminal Procedure and determine whether Coalwell voluntarily and intelligently waives his right to counsel on appeal. If the trial court determines that Coalwell voluntarily and intelligently waives his right to counsel, the trial court shall require Coalwell to execute a written waiver of counsel which substantially complies with subsection *g* of article 1.051.

The trial court shall conduct the hearing within 21 days after the date of this Order. The trial court clerk and court reporter shall file supplemental records within 35 days after the date of this Order.

If Coalwell still wants to "withdraw" this appeal after this appeal is reinstated, a motion to dismiss complying with Rule of Appellate Procedure 42.2(a) may then be filed with this Court.  *See* TEX. R. APP. P. 42.2(a).


PER CURIAM

Before Chief Justice Gray,
       Justice Davis, and
       Justice Neill
Appeal abated
Order issued and filed January 28, 2020
RWR

