

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00188-CR

JETMIR NOKSHIQI,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

### From the County Court at Law No 2
### McLennan County, Texas
### Trial Court No. 2018-2684-CR2

## ABATEMENT ORDER

After a jury found Appellant Jetmir Nokshiqi guilty of the misdemeanor offense of assault, the trial court granted Nokshiqi's request for community supervision. Nokshiqi then filed a pro se notice of appeal.

Nokshiqi was represented by retained counsel in the trial court. The record contains no information regarding Nokshiqi's financial status or whether he is entitled to appointed counsel on appeal. Nokshiqi has additionally not made a written request for the reporter's record.

Having reviewed the status of this appeal, we abate this cause to the trial court to conduct a hearing to determine whether Nokshiqi wishes to continue this appeal and, if so, whether he is entitled to appointed appellate counsel. The trial court should also inform Appellant that Appellant will be required to make arrangements for the reporter's record if Appellant elects to continue this appeal pro se.

An indigent criminal defendant has a constitutional right to appointed counsel in a first appeal of right. *Scott v. State*, 80 S.W.3d 184, 197 (Tex. App.—Waco 2002, pet. ref'd) (citing *Douglas v. California*, 372 U.S. 353, 356–57, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963)). The appointment of counsel for an indigent defendant in a criminal case is under the sole authority of the trial court. *See Enriquez v. State,* 999 S.W.2d 906, 907–08 (Tex. App.—Waco 1999, order) (per curiam); TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *cf. Meza v. State,* 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). A defendant does not have the right to his choice of appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reason for appointment of new counsel, he must accept the counsel appointed by the trial court. *Rodriguez v. State*, 491 S.W.3d 18, 33 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

The United States Supreme Court has held that there is no constitutional right to represent oneself on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163, 120 S.Ct. 684, 692, 145 L.Ed.2d 597 (2000); *see Fewins v. State*, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (per curiam) (clarifying that "article I, section 10 of the Texas Constitution does not confer the right of self-representation afforded by the Sixth Amendment under *Faretta*" (footnote omitted)). However, a

criminal defendant does have a statutory right to self-representation on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1); *see also Sickles v. State*, 170 S.W.3d 298, 299 (Tex. App.—Waco 2005, order) (per curiam).

Subsection *f* of article 1.051 of the Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and that his choice is made with eyes open. *See id.* art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

The trial court shall conduct the hearing within 21 days of the date of this Order. The trial court clerk and court reporter shall file supplemental records within 35 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Order issued and filed November 3, 2021
RWR



Nokshiqi v. State                     Page 3