

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00149-CR

**XAVIER RASHAD LEE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 19-0416**

## SECOND ABATEMENT ORDER

The following is a timeline of the events in this case:

- **May 26, 2021** – Xavier Lee, who was then represented by court-appointed counsel John Williford, was convicted of the offense of interference with public duties and sentenced to two days' confinement in jail and a $1,000 fine. The judgment of conviction and the trial court's docket sheet indicate that Lee had pleaded not guilty and had proceeded to a jury trial. The jury had found Lee guilty. Lee had then entered into an agreement with the State regarding punishment.

That same day, the trial court signed its certification of Lee's right of appeal. The certification, which Lee and Williford also signed, indicates that the underlying case "is a plea-bargain case and the defendant has NO right of appeal."

- **June 23, 2021** – Lee, acting *pro se*, filed in the trial court a document stating: "I would like to file this Motion for New Trial[,] or in the Alternative to a Motion for New Trial[,] I would like to Appeal the Judgment entered on May 26, 2021." We construed the document as a notice of appeal and filed it in the above cause number.

- **August 9, 2021** – Attorney Frederick Wilson filed in the trial court a notice of appearance as attorney of record for Lee. Wilson confirmed with this Court, however, that he was representing Lee only for his motion for new trial.

- **August 12, 2021** – The Clerk of this Court notified Lee by letter that we have not received the docketing statement in this appeal. The letter stated that the docketing statement must be filed within 21 days from the date of the letter. To date, Lee has not filed the docketing statement.

- **August 18, 2021** – The clerk's record was filed in this appeal.

- **September 24, 2021** – We received a letter from the court reporter stating that she had "received no written request or payment for the Reporter's Record from Mr. Wilson, the attorney of record."

- **October 27, 2021** – We abated this cause to the trial court. In the abatement order, we noted that the certification of defendant's right of appeal appears to be defective. We ordered the trial court to cause the appellate record to be supplemented if

it could be supplemented to show that the certification of defendant's right of appeal is not defective.

- **October 29, 2021** – A supplemental clerk's record was filed in this appeal. It contains a letter from the trial court stating that the certification of defendant's right of appeal is not defective and pointing us to the following exchange in an excerpt from the punishment hearing in this case:

> THE COURT: Do you understand if I accept this plea agreement you will lose your right to appeal?
>
> THE DEFENDANT: Yes.

We reinstate this appeal to issue this order. We again abate this cause to the trial court to resolve the following issues:

### Certification of Defendant's Right of Appeal

The certification of defendant's right of appeal, which states that the underlying case "is a plea-bargain case and the defendant has NO right of appeal," still appears to be defective. *See* TEX. R. APP. P. 25.2(d), 37.1.

A "plea bargain case" is defined in Rule of Appellate Procedure 25.2(a)(2) as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *Id.* R. 25.2(a)(2). The clerk's record indicates that Lee entered a plea of not guilty and proceeded through the guilt/innocence phase of trial to a jury verdict of guilty. Nothing in the clerk's record or supplemental clerk's record indicates that Lee ever changed his plea to guilty or nolo contendere. The underlying case is therefore not a

"plea bargain case" within the meaning of Rule 25.2(a)(2). *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Schultz v. State*, 255 S.W.3d 153, 154–55 (Tex. App.—San Antonio 2008, no pet.).

Furthermore, the exchange in the excerpt from the punishment hearing, by itself, is not sufficient to show that Lee waived his right of appeal.

A "defendant in a criminal prosecution for any offense may waive any rights secured him by law." TEX. CODE CRIM. PROC. ANN. art. 1.14(a). But for the defendant to waive the right to appeal, he must do so voluntarily, knowingly, and intelligently. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). Here, nothing in the clerk's record or supplemental clerk's record indicates that Lee signed any plea papers or any written waiver of his right to appeal. And nothing shows that Lee was given any other admonishments regarding the right to appeal.

If the appellate record can be further supplemented to indicate that Lee made a voluntary, knowing, and intelligent waiver of his right of appeal, the trial court is ORDERED to cause the record to be so supplemented within 21 days of the date of this Order.

If, however, the record cannot be so supplemented, the trial court is ORDERED to enter an amended certification of defendant's right of appeal, curing the defect in the original certification, within 21 days of the date of this Order. The trial court clerk is ORDERED to thereafter file a supplemental clerk's record containing the amended certification within 35 days of the date of this Order.

**Appellate Counsel**

If the trial court enters an amended certification of defendant's right of appeal that indicates that Lee has the right to appeal, the trial court is further ORDERED to conduct a hearing to determine whether Lee wishes to continue this appeal and, if so, whether Lee must be appointed appellate counsel.

An indigent criminal defendant has a constitutional right to appointed counsel in a first appeal of right. *Scott v. State*, 80 S.W.3d 184, 197 (Tex. App.—Waco 2002, pet. ref'd) (citing *Douglas v. California*, 372 U.S. 353, 356–57, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963)). The appointment of counsel for an indigent defendant in a criminal case is under the sole authority of the trial court. *See Enriquez v. State,* 999 S.W.2d 906, 907–08 (Tex. App.—Waco 1999, order) (per curiam); TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *cf. Meza v. State,* 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). A defendant does not have the right to his choice of appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reason for appointment of new counsel, he must accept the counsel appointed by the trial court. *Rodriguez v. State*, 491 S.W.3d 18, 33 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

The United States Supreme Court has held that there is no constitutional right to represent oneself on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163, 120 S.Ct. 684, 692, 145 L.Ed.2d 597 (2000); *see Fewins v. State*, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (per curiam) (clarifying that "article I, section 10 of the Texas Constitution does not confer the right of self-representation afforded by the Sixth Amendment under *Faretta*" (footnote omitted)). However, a

criminal defendant does have a statutory right to self-representation on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1); *see also Sickles v. State*, 170 S.W.3d 298, 299 (Tex. App.—Waco 2005, order) (per curiam).

Subsection *f* of article 1.051 of the Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and that his choice is made with eyes open. *See id.* art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id.*

The trial court shall conduct the hearing within 21 days of the date of this Order. The trial court clerk and court reporter shall file supplemental records within 35 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[1]
Order issued and filed November 9, 2021
RWR



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.