# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00928-CR

### Richard Santa Ana, Appellant

### v.

### The State of Texas, Appellee

---

**FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
NO. CR-24-0427-D, THE HONORABLE JOE POOL, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the instant appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's counsel has certified to the Court that he provided copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and supplied appellant with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has timely filed the motion requesting access to the appellate record with this Court. Previously, we granted the motion and directed the clerk of the trial court to provide a copy of the reporter's record and the clerk's record to appellant and to inform this Court of the date and manner in which the appellate record was provided. *See id.* at 321; *Santa Ana v. State*, No. 03-25-00928-CR, 2026 WL 1501155, at *1 (Tex. App.—Austin May 27, 2026, order).

Following the issuance of our order, the trial court clerk contacted the clerk of this Court to inquire whether all of the exhibits should be copied and sent to appellant.

Having considered the inquiry, we set aside our previous order to the trial court clerk. This appeal involves the offenses of aggravated sexual assault of a minor and indecency with a child, *see* Tex. Penal Code §§ 21.11, 22.021, and appellant has filed a pro se motion to access the entire record, which contains photos of the victim. Accordingly, under these circumstances, we believe it is prudent to abate the appeal and remand the case to the trial court for a hearing to consider what, if any, precautionary measures should be taken when providing appellant access to the appellate record. *See Kelly*, 436 S.W.3d at 321 & n.24 (noting that one court of appeals sends record in *Anders* cases to warden of prison with instructions to allow defendant supervised access and indicating that this complies with *Anders* requirements); *Vaccaro v. State*, 195 S.W.3d 351, 353 (Tex. App.—Waco 2006, order) (placing videotape in custody of warden, ordering warden to make it available to defendant for taking notes, and requiring Texas Department of Criminal Justice to retain it before returning it to trial court after defendant filed brief).

On remand, the trial court shall conduct a hearing to consider what measures should be taken. The court shall make appropriate findings and recommendations and then issue an order directing the manner in which the clerk of the trial court will provide the appellate record to appellant, requiring the appellate record to be provided within ten days of the hearing, and directing the trial court clerk to provide written verification to this Court of the date and manner in which the appellate record was made available to appellant. *See Kelly*, 436 S.W.3d at 321.

At the hearing, the trial court shall also consider whether the plea of guilty included in the nunc pro tunc judgment of conviction for indecency with a child accurately comports with the record and, if not, shall issue a new nunc pro tunc judgment for that offense. Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records, including all findings, orders, and judgments, to be prepared and forwarded to this Court no later than July 1, 2026. Once the supplemental records have been forwarded to this Court, the appeal will be reinstated.

It is ordered on June 4, 2026.


Before Chief Justice Byrne, Justices Theofanis and Crump

Abated and Remanded

Filed:   June 4, 2026

Do Not Publish